UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ARTISAN TECHNOLOGIES LLC,

                       Plaintiff,  :  25 Civ. 7214 (LGS)

     -against-  :  ORDER

INTERLUDE U.S. INC.,

                       Defendant.
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

      WHEREAS, Plaintiff has moved to file an exhibit to the Complaint under seal.

      WHEREAS, a three-part inquiry determines whether to seal a document. *See Olson v. Major League Baseball*, 29 F.4th 59, 87-88 (2d Cir. 2022); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). The first question is whether the document is "a judicial document subject to the [presumed] right of public access." *Lugosch*, 435 F.3d at 119.[1] The second step, if the presumption attaches, is to determine the weight of the presumption by assessing "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.* The third step is to balance against the presumption any "competing considerations," *id.* at 120, which may include protecting "specific business information and strategies," which, if revealed, "may provide valuable insights into a company's current business practices that a competitor would seek to exploit." *Louis Vuitton Malletier S.A. v. Sunny Merchandise Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015). In weighing the presumption against competing considerations, a court can seal documents only "if specific, on the record findings are made demonstrating that closure is

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, footnotes and citations are omitted.

essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch*, 435 F.3d at 120.

WHEREAS, the exhibit to the Complaint is a judicial document subject to a strong presumption of public access. *See Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139-40 (2d Cir. 2016) ("A complaint, which initiates judicial proceedings, is the cornerstone of every case, the very architecture of the lawsuit, and access to the complaint is almost always necessary if the public is to understand a court's decision."); *see GSC Logistics, Inc. v. Amazon.com Servs. LLC*, 23 Civ. 5368, 2023 WL 4993644, at *4 (S.D.N.Y. Aug. 4, 2023) (stating that complaint and exhibits are subject to presumption of public access).

WHEREAS, Plaintiff asserts that sealing is necessary "to prevent the unauthorized dissemination of Plaintiff's confidential business information that is the subject of the Complaint" because the exhibit "sets forth the exact nature of Plaintiff's secret Donatello Arm Operating System."

WHEREAS, Plaintiff has not shown that its proposed redaction is narrowly tailored to protect its confidential business information. Portions of the exhibit appear to describe material that is plausibly Plaintiff's confidential business information, and each page of the exhibit is marked "Confidential & Proprietary." Other portions, however, appear to include links to and screenshots of publicly available websites, descriptions of industry-wide practices and other material that does not, without more, appear to be confidential. Plaintiff has therefore not shown that its proposed redaction, which replaces the entire exhibit with a slipsheet, is narrowly tailored to protect its confidential business information.

WHEREAS, without expressing any view on whether the Complaint satisfies any applicable pleading standard, it is not clear at this juncture that a trade secret addendum is necessary to give Defendant "fair notice of what the plaintiff's claim is." *See SS&C Techs.*

2

*Holdings, Inc. v. Arcesium LLC*, 22 Civ. 2009, 2024 WL 5186530 (S.D.N.Y. Dec. 20, 2024). The Complaint alleges that Defendant misappropriated trade secrets including the Donatello Arm Operating System and as described in agreements between Plaintiff and Defendant. It is hereby

**ORDERED** that Plaintiff's motion to seal is **DENIED** without prejudice to renewal. Plaintiff shall, by **September 30, 2025**, file an amended Complaint omitting Exhibit A, or a renewed motion to seal.

Dated: September 16, 2025
　　　　New York, New York

　　　　　　　　　　　　　　　　　　　　LORNA G. SCHOFIELD
　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**