UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
                                              :
ARTISAN TECHNOLOGIES LLC,                     :
                                              :
                            Plaintiff,        :
                                              :          25 Civ. 7214 (LGS)
              -against-                        :
                                              :               ORDER
INTERLUDE U.S., INC. D/B/A EKO,               :
                                              :
                            Defendant.        :
                                              :
--------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, Defendant Interlude U.S., Inc. d/b/a eko moves to redact and thereby seal designated portions of its Motion to Dismiss the Second Amended Complaint (the "Motion to Dismiss") and portions of Exhibits B and C to the Supporting Declaration of Michael M. Powell (the "Supporting Declaration").  The motion is unopposed.

WHEREAS, the motions are granted because the proposed redactions are minimal and are narrowly tailored to protect sensitive business information.

WHEREAS, a three-part inquiry determines whether to seal a document.  *See Olson v. Major League Baseball*, 29 F.4th 59, 87-88 (2d Cir. 2022); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).  The first step is to determine whether the document is "a judicial document subject to the [presumed] right of public access," meaning that the document is "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch*, 435 F.3d at 119.[1]  The second step, if the presumption attaches, is to

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

determine the weight of the presumption by assessing "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.* The third step is to balance against the presumption any "competing considerations" such as "the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." *Id.* at 120. In weighing the presumption against competing considerations, a court must consider the "qualified First Amendment right of access" and can seal documents based on this right only "if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.*

WHEREAS, the party moving to place documents under seal "bears the burden of showing that higher values overcome the presumption of public access." *Under Seal v. Under Seal*, 273 F. Supp. 3d 460, 469 (S.D.N.Y. 2017). Examples of "higher values" include protecting the attorney-client privilege, *Lugosch*, 435 F.3d at 124-25, "the privacy interests of innocent third parties," *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995), and the confidentiality of sensitive commercial information, *see Ayrton Cap. LLC v. Bitdeer Techs. Grp.*, No. 24 Civ. 5160, 2025 WL 1745680, at *2 (S.D.N.Y. June 24, 2025).

WHEREAS, the documents at issue here are judicial documents. Judicial documents are "relevant to the performance of the judicial function and useful in the judicial process." *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995). "A document is thus relevant to the performance of the judicial function if it would reasonably have the *tendency* to influence a district court's ruling on a motion." *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019). The Memorandum of Law and the Exhibits to the Supporting Declaration are relevant and useful to the consideration of the pending Motion to Dismiss.

WHEREAS, the documents at issue are afforded a strong presumption of public access. "The weight of the presumption is a function of (1) 'the role of the material at issue in the exercise of Article III judicial power' and (2) 'the resultant value of such information to those monitoring the federal courts.'" *Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 167 (S.D.N.Y. 2018) (quoting *Lugosch*, 435 F.3d at 119-20). "[W]here documents are used to determine litigants' substantive legal rights, a strong presumption of access attaches." *Lugosch*, 435 F.3d at 121. Because the documents here are being considered on a motion to dismiss, which will impact the substantive rights of the parties, the documents are afforded a strong presumption of public access.

WHEREAS, one consideration that may override the presumption of public access is preserving the secrecy of "specific business information and strategies, which, if revealed, may provide valuable insights [to competitors]." *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015). The presumption of public access is rebuttable only with "specific, on the record findings . . . that closure is essential to preserve higher values." *Lugosch*, 435 F.3d at 120. "[V]ague and unspecified business concerns, like confidential and related business interactions that could be used by corporate competitors in a detrimental manner, are broad, general, and conclusory allegations insufficient to justify sealing." *Frontier Airlines v. AMCK Aviation*, No. 20 Civ. 9713, 2022 WL 17718338, at *1 (S.D.N.Y. Dec. 13, 2022).

WHEREAS, "[c]ourts commonly find that documents that contain trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like satisfy the sealing standard." *Kewazinga Corp. v. Microsoft Corp.*, 18 Civ. 4500, 2021 WL 1222122, at *3 (S.D.N.Y. Mar. 31, 2021); *see also BakeMark*

*USA LLC v. Negron*, No. 23 Civ. 2360, 2024 WL 182505, at *4 (S.D.N.Y. Jan. 16, 2024) (sealing the prices of services purchased by a party).

WHEREAS, Defendant seeks to redact information relating to the prices it pays for services. Defendant argues that this information "is commercially sensitive insofar as it could reveal to [Defendant's] competitors and its future commercial partners or suppliers information that they could use to better compete with [Defendant] or to negotiate more favorable rates with [Defendant], such as information on [Defendant's] pricing strategies or its willingness to pay." A review of the proposed redactions confirms that they are consistent with Defendant's description.

WHEREAS, Defendant's privacy interest in its sensitive business information overcomes the strong presumption of public access that attaches to these documents. Defendant represents that the information to be redacted is confidential. Defendant has articulated the specific harm that business counterparts may gain unfair leverage in negotiations by obtaining this information. "Commercial competitors seeking an advantage over rivals need not be indulged in the name of monitoring the courts." *Amodeo*, 71 F.3d at 1051. The redactions proposed by Defendant are narrowly tailored to shield only the sensitive pricing information in which Defendant has a valid privacy interest. The redactions are minimal in number and scope and do not obscure the meaning of the documents. It is hereby

**ORDERED** that the motions at Dkt. Nos. 38 and 42 are **GRANTED**.

The Clerk of Court is respectfully directed to close the motions at Dkt. Nos. 38 and 42.

Dated: April 8, 2026
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

4