UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                          :

ARTISAN TECHNOLOGIES LLC,            :
       Plaintiff and Counterclaim Defendant,  :

                                            :          25 Civ. 7214 (LGS)

          -against-              :

                                            :          <u>ORDER</u>

INTERLUDE U.S. INC.,                :
       Defendant and Counterclaim Plaintiff.  :
------------------------------------------------------------ X
LORNA G. SCHOFIELD, District Judge:

WHEREAS, Defendant and Counterclaim Plaintiff Interlude U.S. Inc., d/b/a eko ("eko")

seeks to compel Plaintiff and Counterclaim Defendant Artisan Technologies LLC ("Artisan") to

respond to discovery requests.

**<u>Trade Secret Addendum</u>**

WHEREAS, first, eko seeks to compel Artisan to produce a "Trade Secret Addendum"

that Artisan originally filed under seal as an exhibit to the Complaint in this action.  Artisan's

motion to seal the Trade Secret Addendum was denied without prejudice to renewal before

counsel for eko appeared.  Instead of renewing the motion to seal, Artisan filed an Amended

Complaint omitting the Trade Secret Addendum.

WHEREAS, the Trade Secret Addendum is relevant to Artisan's trade secret claim and

proportional to the needs of the case.  Artisan's motion to seal the Trade Secret Addendum

described the document as setting "forth the exact nature of [Artisan's trade secrets], including a

step-by-step description of . . . components and processes, with detailed diagrams aimed at

educating the Court as to what Plaintiff seeks to protect and why."  The document is thus relevant

to Artisan's claim.

WHEREAS, Artisan's objections to production are unavailing.  First, to the extent that

Artisan asserts attorney work product protection over the document, Artisan waived any work

product protection by filing the document as a Complaint exhibit.  *See Am. Oversight v. U.S. Dep't of Just.*, 45 F.4th 579, 593 (2d Cir. 2022) (disclosure of document may waive work product protection).  Artisan's motion to seal the exhibit listed eko's (then-unknown) counsel among the "counsel of record who should have access" to the sealed document; Artisan placed the document at issue in this litigation such that, had the motion to seal been granted, eko's counsel would have access to the document.  Second, Artisan's objection that the document could provide eko a "roadmap" to infringe Artisan's trade secrets is not a basis to withhold the otherwise relevant document from production.

WHEREAS, second, eko seeks to compel production of "Artisan's actual and projected revenues, costs, and profits from January 2021 to present."  Eko's motion is granted.  The operative Complaint asserts that Artisan has suffered damages including lost profits.  A plaintiff's financial records are potentially relevant to lost profits damages, or may lead to relevant evidence regarding such damages.

WHEREAS, the Protective Order entered in this case allows a producing party to designate material as "Attorneys' Eyes Only" if the material is "confidential, commercially sensitive, non-public, proprietary and/or private" and, if disclosed to the other party, could be sued to gain a competitive advantage to the detriment of the producing party.  It is hereby

**ORDERED** that, by **April 17, 2026**, Artisan shall produce (1) the Trade Secret Addendum and (2) documents sufficient to show "Artisan's actual and projected revenues, costs, and profits from January 2021 to present."

The Clerk of Court is respectfully directed to terminate the motion at Dkt. 60.

Dated: April 10, 2026
      New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

2