UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                        :
ARTISAN TECHNOLOGIES LLC,                               :
      Plaintiff and Counterclaim Defendant,   :
                                                        :       25 Civ. 7214 (LGS)
          -against-                       :
                                                        :       **ORDER**
INTERLUDE U.S. INC.,                                    :
      Defendant and Counterclaim Plaintiff.   :
------------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, Plaintiff seeks relief from the Amended Civil Case Management Plan and Scheduling Order entered March 2, 2026 (the "Scheduling Order"), to take a third-party deposition of Doug McMillon, the former CEO of Walmart, Inc. ("Walmart"), and to seek third-party document discovery from Mr. McMillon and Walmart, after the May 31, 2026, deadline to complete fact discovery. For the reasons below, Plaintiff is granted limited relief to depose Mr. McMillion or an alternate person to which the parties agree, but is not granted leave to seek document discovery.

WHEREAS, a scheduling order may be modified "only for good cause." Fed. R. Civ. P. 16(a)(4). "Whether good cause exists turns on the diligence of the moving party."[1] *Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009), *certified question answered*, 691 S.E.2d 196 (Ga. 2010); *accord Vista Food Exch., Inc. v. Comercial De Alimentos Sanchez S De R L De C.V.*, No. 18 Civ. 8999, 2026 WL 1102349, at *3 (S.D.N.Y. Apr. 23, 2026). "The district court, in the exercise of its discretion under Rule 16(b), also may consider other relevant factors including, in particular . . . prejudice" to other parties. *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007); *accord Metcalf v. Transperfect Translations Int'l, Inc.*, No. 19 Civ. 10104, 2026 WL 1706934, at *1 (S.D.N.Y. June 12, 2026).

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, footnotes and citations are omitted.

**Deposition**

WHEREAS, Plaintiff has shown good cause for a limited extension of fact discovery to allow the deposition of Mr. McMillon.

WHEREAS, the operative Second Amended Complaint (the "Complaint") alleges that, in December 2022, Defendant gave Mr. McMillon and other Walmart representatives a tour of a studio that included a demonstration of a Donatello Arm Operating System constructed and operated using Plaintiff's confidential information. (Dkt. No. 29, at ¶¶ 46-47).  The Complaint further alleges that Mr. McMillon "expressed that he was extremely impressed with the Studio and the Donatello Arm Operating System," and that shortly after that tour, Walmart approved the use of the studio for Walmart's video-capture needs.  (Dkt. No. 29, at ¶¶ 49-51).  The Complaint asserts claims relating to Defendant's use of Plaintiff's confidential information and sharing of that information with Walmart.  (*See, e.g.*, Dkt. No. 29, at ¶ 124).

WHEREAS, Plaintiff initially served a notice of deposition for Mr. McMillon on Defendant's counsel on February 27, 2026, believing that Defendant and Walmart were corporate affiliates.  On April 1, 2026, Defendant's counsel advised that they did "not represent and cannot accept a subpoena directed to Doug McMillon."  Plaintiff then attempted to contact Walmart directly, but Walmart's outside counsel did not contact Plaintiff until May 8, 2026.  Plaintiff did not seek an extension of time to complete discovery for the purpose of the McMillon deposition until May 29, 2026 -- two days before the scheduled conclusion of fact discovery.  By Order entered May 29, 2026, Plaintiff's time to depose Mr. McMillon was extended to June 12, 2026, and Plaintiff was ordered to provide an update on efforts to secure the deposition by June 5, 2026.  (Dkt. No. 66).  Plaintiff served subpoenas on Mr. McMillon and Walmart on June 2, 2026.  Plaintiff did not file a letter seeking an extension of the already extended June 12 deadline until June 11, 2026.

2

WHEREAS, although Plaintiff could have been more diligent -- for instance, by serving a subpoena on Mr. McMillon or Walmart earlier in the discovery period (although Walmart requested that Plaintiff not do so), or by requesting an extension of the discovery schedule before May 29, 2026 -- Plaintiff has consistently sought to depose Mr. McMillon since February. Additionally, the Complaint alleges that Mr. McMillon has personal knowledge of relevant events, including the December 2022 studio tour, which also supports good cause to allow a very limited extension of the fact discovery deadline. A limited extension is granted -- specifically, Plaintiff is granted until July 1, 2026, to conduct a two hour deposition of Mr. McMillon or an alternative person to which Plaintiff and Walmart agree. To avoid prejudice to Defendant, Defendant may (but is not required to) depose Mr. McMillon or the alternative person for not more than one hour, in addition to Plaintiff's questioning.

**Document Discovery**

WHEREAS, Plaintiff has not shown diligence to merit an extension of time to seek document discovery from Walmart or Mr. McMillon. The Complaint references Walmart repeatedly and asserts that Defendant shared Plaintiff's confidential information with Walmart, which continued to use Plaintiff's confidential information after the end of Plaintiff's and Defendant's business relationship. (*See, e.g.*, Dkt. No. 29, at ¶¶ 113-115). Plaintiff, however, did not serve a subpoena for document discovery on Walmart or Mr. McMillon until June 2, 2026, after the May 31, 2026, deadline to complete fact discovery.

WHEREAS, additionally, expert discovery is ongoing and will close on July 31, 2026. Plaintiff concedes that the facts adduced from Mr. McMillon or Walmart may "have an impact on some of the merits of the case, which would likely be reflected in the expert opinions" -- indicating that the requested document discovery will likely delay expert discovery as well.

WHEREAS, Plaintiff argues that, in addition to the Complaint allegations, recent reporting regarding a workforce reduction implemented by Defendant also demonstrates the need to take third party discovery from Walmart.  This argument is unpersuasive.  Plaintiff does not explain why Walmart is better suited than Defendant to provide information regarding this workforce reduction.  Plaintiff also does not explain why this recent reporting, which addresses events not contained in the Complaint, would merit reopening fact discovery.  Plaintiff's argument that the workforce reduction "is directly relevant to any damages model or settlement analysis" is insufficiently specific to merit additional fact discovery.  It is hereby

**ORDERED** that Plaintiff's application for relief from the Scheduling Order to conduct a third-party deposition is **GRANTED**.  Plaintiff shall depose Mr. McMillon, or an alternative person to whom Plaintiff and Walmart agree, by **July 1, 2026**.  No extensions will be granted absent extraordinary circumstances, which do not include further negotiations between Plaintiff and Walmart.  Plaintiff's deposition shall not exceed two hours.  Defendant may depose the witness for not more than one hour.  It is further

**ORDERED** that Plaintiff's application for relief from the scheduling order to seek document discovery from Mr. McMillon or Walmart after the fact discovery deadline is **DENIED**.

Dated: June 17, 2026
       New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE