# PARNESS LAW FIRM, PLLC

June 26, 2026

136 Madison Avenue, 6th Floor • New York, New York  10016
Hillel I. Parness • www.hiplaw.com • hip@hiplaw.com
(Cell) 646-526-8261 • (Office) 212-447-5299 • (Fax) 212-202-6002

VIA ECF

The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Application **DENIED**.  Plaintiff's letter does not state that Plaintiff and Walmart have met and conferred in person or telephonically regarding this issue, as required by Individual Rule III.C.3. Additionally, Plaintiff may explore the scope of deponent's answers during the deposition.

Dated: June 26, 2026
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

Re:     **Artisan Technologies LLC v. Interlude US Inc. d/b/a eko, 25-cv-7214 (LGS)**

Dear Judge Schofield:

I am counsel to Plaintiff Artisan Technologies LLC in the above-referenced action.  I am writing to update the Court with respect to the upcoming deposition of Doug McMillon and/or Walmart.  *See* ECF 76.  The deposition is currently scheduled to take place on June 29, 2026 (in advance of the July 1, 2026 deadline), but there are critical issues relating to the permitted scope of the deposition for which we seek the Court's assistance.

In my June 16, 2026 letter to Your Honor (ECF 75), I explained to the Court that Plaintiff seeks the testimony of Mr. McMillon (or an appropriate Walmart designee) for the following reasons (citing to the allegations regarding Mr. McMillon's direct involvement in the Second Amended Complaint (ECF 29)):

> (a) the process by which Walmart approved of Defendant moving forward with Plaintiff to build and operate the video-capture Studio on the Walmart campus implementing Plaintiff's proprietary systems and methods, led to the approval of the Studio and to Defendant's contracts with Walmart;

> (b) specifically, the manner and extent to which the <u>video footage generated by Plaintiff in Atlanta in July 2022</u>, using Plaintiff's proprietary systems and methods by Plaintiff, and <u>shown to Mr. McMillon</u> and Walmart (*see* ECF 29 ¶¶ 33-35), led to the approval of the Studio and to Defendant's contracts with Walmart;

> (c) specifically, the manner and extent to which <u>Mr. McMillon's December 2022 tour</u> of the video-capture Studio on the Walmart campus, implementing Plaintiff's proprietary systems and methods (*see* ECF 29 ¶¶ 44-51), led to the approval of the Studio and to Defendant's contracts with Walmart; and

> (d) the extent to which, and the conditions under which, Plaintiff's

proprietary information was shared with Walmart, and whether it was identified to Walmart as being proprietary to Plaintiff or to Defendant (*see* ECF 29 ¶¶ 6-8, 115).

ECF 75 at 2 (emphasis added).

Your Honor's June 17, 2026 Order then stated:

WHEREAS, although Plaintiff could have been more diligent -- for instance, by serving a subpoena on Mr. McMillon or Walmart earlier in the discovery period (although Walmart requested that Plaintiff not do so), or by requesting an extension of the discovery schedule before May 29, 2026 -- Plaintiff has consistently sought to depose Mr. McMillon since February. Additionally, the Complaint alleges that <u>Mr. McMillon has personal knowledge of relevant events, including</u> the December 2022 studio tour, which also supports good cause to allow a very limited extension of the fact discovery deadline. A limited extension is granted -- specifically, Plaintiff is granted <u>until July 1, 2026</u>, to conduct a two hour deposition of <u>Mr. McMillon or an alternative person to which Plaintiff and Walmart agree</u>. To avoid prejudice to Defendant, Defendant may (but is not required to) depose Mr. McMillon or the alternative person for not more than one hour, in addition to Plaintiff's questioning.

ECF 76 (emphasis added).

I immediately provided the Order to counsel for Walmart and Mr. McMillon, and my subsequent correspondence with said counsel is attached hereto as **Exhibit 1**. As the Court will see, on after several rounds of emails, Walmart's counsel advised as follows on June 22:

Walmart's corporate representative is available to testify remotely on June 29 at 11am CT.  Walmart's representative—Lindsey Schwab (Walmart's VP of Item & Content Strategy e-commerce)—will be prepared to testify on the following limited subjects:

> Walmart's knowledge of and involvement in a December 2022 Studio visit;

> What, if anything, Walmart understood about the video-capture work and systems shown or discussed, if any, in connection with that visit;

> Walmart's understanding of whether any Artisan confidential or trade secret information was shared with Walmart and, if so, under what circumstances.

2

Ex. 1 at 3.  I responded with follow-up clarifying questions as to the intended scope and the preparation of the Walmart designee, most recently on June 24, 2026:

> Critically, I need to understand if you are considering Walmart to include Mr. McMillon, in view of the fact that he is no longer part of Walmart.

> Likewise it is critical to understand if your witness is preparing to speak - literally - only about the December 2022 site visit, or the broader issues surrounding it.

Ex. 1 at 1.  Walmart's counsel did not respond to my June 24, 2026 email, and has now repeatedly declined to answer these questions.

Indeed, attached hereto as **Exhibit 2** is an email exchange with Walmart's counsel from this morning, where they reiterated the topics they sent me on June 22, 2026, without any attempt at clarification and without any answers to my questions, and then once again declined to respond to me.

As the Court knows, and as I had repeatedly explained to Walmart's counsel, we are open to a Walmart designee in lieu of Mr. McMillon if that designee is prepared to testify, *inter alia*, to what Mr. McMillon knew and knows, and if that designee is prepared to testify beyond the December 2022 site visit, including but not limited to the role of the "video footage generated by Plaintiff in Atlanta in July 2022, using Plaintiff's proprietary systems and methods by Plaintiff, and shown to Mr. McMillon and Walmart." ECF 75 at 2 (*citing* ECF 29 ¶¶ 33-35).

If the designee is not prepared to testify as to Mr. McMillon's knowledge and the broader issues, we expect the exercise to be a waste of party resources. It will also be a waste of judicial resources if I have to return to the Court for relief after the deposition, which is why I am writing to the Court now.

Returning to the Court's language ("Plaintiff is granted until July 1, 2026, to conduct a two hour deposition of Mr. McMillon or an alternative person to which Plaintiff and Walmart agree"), there is no agreement between Plaintiff and Walmart as to "an alternative person to which Plaintiff and Walmart agree," and thus we must insist that Walmart either address our questions or make Mr. McMillon himself available for the two-hour deposition.

In view of Walmart's counsel's stonewalling, we respectfully request that the Court order Walmart to prepare its designee witness to testify as to topics (a)-(d) set forth in our June 16 letter, including by necessity what Mr. McMillon knew and knows of each of those topics.

**Hon. Lorna G. Schofield**                                                **June 26, 2026**

Plaintiff is obviously willing – and would in fact prefer for the reasons set forth above – to adjourn the deposition a few days to allow Walmart the time it needs to prepare its witness, whoever that may be.

Respectfully submitted,

Hillel I. Parness

Attachments

cc:   Counsel of Record (via ECF)
      Hilary Preston, Esq., counsel for Walmart and Mr. McMillon (via email)
      Liane Noble, Esq., counsel for Walmart and Mr. McMillon (via email)