UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ARTISAN TECHNOLOGIES LLC, Plaintiff and Counterclaim Defendant, -against- INTERLUDE U.S. INC., Defendant and Counterclaim Plaintiff. | : | 25 Civ. 7214 (LGS) **ORDER** |

LORNA G. SCHOFIELD, District Judge:

WHEREAS, Plaintiff and Counterclaim-Defendant Artisan Technologies LLC ("Artisan") moves to compel non-party Walmart Inc. ("Walmart") to produce its former CEO, Doug McMillon, or another witness, in connection with Rule 45 subpoenas served on Mr. McMillon and Walmart relating to this matter. (Dkt. No. 82). Walmart and Defendant and Counterclaim Plaintiff Interlude U.S. Inc. oppose. (Dkt. Nos. 83, 84). For the reasons below, the motion is denied.

WHEREAS, Artisan first moved for relief relating to Walmart on May 29, 2026, two days before the close of fact discovery. Specifically, Artisan sought an extension of the fact discovery deadline to conduct a deposition of Mr. McMillon, which extension was granted to June 12, 2026. (Dkt. No. 66). On June 2, 2026, Artisan served Rule 45 subpoenas on Walmart and Mr. McMillon, but Artisan did not secure the deposition before June 12. (*See* Dkt. Nos. 75, 75-2). The Order entered June 17, 2026, granted Artisan further relief from the Scheduling Order to permit Artisan to "depose Mr. McMillon, or an alternative person to whom Plaintiff and Walmart agree, by July 1, 2026," and stated that "[n]o extensions will be granted absent extraordinary circumstances, which do not include further negotiations between Plaintiff and Walmart." (Dkt. No. 76).

WHEREAS, on June 26, 2026, Artisan filed a motion to compel in connection with a 30(b)(6) deposition of Walmart scheduled for June 29, 2026, which motion was denied for failure to meet and confer in-person or telephonically as required by the Court's Individual Rules. (Dkt. No. 78). Artisan filed a renewed motion following a meet and confer with Walmart (Dkt. No. 79), and Walmart filed an opposition on June 28, 2026 (Dkt. No. 80). The deposition was conducted on June 29, 2026, and Artisan filed the instant motion following the deposition.

**Motion to Compel**

WHEREAS, to the extent Artisan seeks to compel compliance with the Rule 45 subpoenas served on Walmart and Mr. McMillon, the motion is procedurally improper because the Southern District of New York lacks jurisdiction to grant the motion. Federal Rule of Civil Procedure 45 requires that a motion to compel compliance with a third-party subpoena be brought in the "district where compliance is required." Fed. R. Civ. P. 45(d)(2)(B)(i) (stating, for subpoena to produce materials or permit inspection, "the serving party may move the court for the district where compliance is required for an order compelling production or inspection"); *see Madigan v. Bronstein*, No. 18 Misc. 61, 2018 WL 1768283, at *3 (S.D.N.Y. Apr. 12, 2018) (concluding that, under Rule 45, motion to compel relating to document and deposition subpoena must be brought in district where compliance is required). Although "[c]ase law is not uniform on whether the location stated in the subpoena or the residence of the non-party is the location at which compliance occurs[, c]ourts in the Second Circuit tend to hold that compliance occurs at the residence of the non-party." *Marshall Project, Inc. v. City of Cleveland*, No. 24 Misc. 309, 2024 WL 4589667, at *2 (S.D.N.Y. Oct. 28, 2024) (citations omitted).

WHEREAS, this Court lacks jurisdiction to compel compliance with the Rule 45 subpoenas served on Walmart and Mr. McMillon. First, Walmart represents, and Artisan has not

contested, that Walmart and Mr. McMillon are "located" in the Western District of Arkansas. (Dkt. Nos. 80, 83). To the extent that "compliance occurs at the residence of the non-party," as is the trend in this Circuit, *see Marshall Project*, 2024 WL 4589667, at *2, any motion to compel must be filed in the Western District of Arkansas. Second, although the subpoenas list the place of compliance as a location in this District, (*see* Dkt No. 75-2), compliance in this District would violate Rule 45(c) because the Southern District of New York is not "within 100 miles of" the Western District of Arkansas, Fed. R. Civ. P. 45(c)(1)(A) (subpoena may command attendance at deposition "within 100 miles where the person resides, is employed, or regularly transacts business in person"). *See also Chauncey v. H.O. Penn Mach. Co., Inc.*, No. 23 Civ. 6239, 2025 WL 2406466, at *2 (S.D.N.Y. Aug. 19, 2025) (concluding that motion to quash non-party document and deposition subpoena must be brought within 100 miles of corporation's principal place of business). Thus, even to the extent the place of compliance stated in the subpoenas controls for purposes of this Court's jurisdiction, the subpoenas would be improper under Rule 45 unless modified to require compliance in the appropriate district.

**Scheduling Order**

WHEREAS, Artisan shall not seek to enforce the subpoenas in another district because Artisan has not shown good cause to extend the fact discovery deadline. A scheduling order may be modified "only for good cause." Fed. R. Civ. P. 16(a)(4). The Order entered June 17, 2026, granted Artisan limited relief from the Scheduling Order to allow time for Artisan to conduct the deposition of Mr. McMillon or an alternative person by July 1, 2026. (Dkt. No. 76). Pursuant to that Order, Artisan conducted a 30(b)(6) deposition of Walmart on June 29, 2026. Walmart represents that, to prepare, its corporate designee personally reviewed approximately 100 emails and interviewed two Walmart employees with knowledge of relevant events. (Dkt. No. 83).

Artisan points to specific deposition questions that, it contends, demonstrate that Walmart's preparation was deficient -- specifically including questions regarding Mr. McMillon's personal knowledge of relevant events. However, Artisan does not provide a basis to conclude that Mr. McMillon possesses particular personal knowledge relevant to the dispute that is not available from Walmart's corporate testimony or from the parties in this action. In the absence of good cause, Artisan shall not continue to seek fact discovery after the already extended deadline.

**ORDERED** that Artisan's motion to compel is **DENIED**. Artisan shall not continue to seek to compel compliance with the Rule 45 subpoenas issued on Walmart and Mr. McMillon.

The Clerk of Court is respectfully directed to terminate the motion at Dkt. No. 82.

Dated: July 10, 2026
New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**