UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARTISAN TECHNOLOGIES LLC,<br>Plaintiff and Counterclaim Defendant,<br><br>-against-<br><br>INTERLUDE U.S., INC.,<br>Defendant and Counterclaim Plaintiff. | 25 Civ. 7214 (LGS)<br><br>**ORDER** |

LORNA G. SCHOFIELD, District Judge:

WHEREAS, Artisan Technologies LLC ("Artisan") moves under Local Civil Rule 6.3 for reconsideration of the September 2, 2026, Opinion & Order (the "Order"), which found that Artisan waived the attorney-client privilege over documents inadvertently produced to Interlude U.S., Inc., doing business as eko ("eko"). *Artisan Techs. LLC v. Interlude U.S., Inc.*, No. 25 Civ. 7214, 2026 WL 2594169, at *4 (S.D.N.Y. Sep. 2, 2026).

WHEREAS, the Order concluded that Artisan did not take reasonable steps to prevent the inadvertent disclosure of privileged documents or promptly rectify production errors, which the Order found sufficient for waiver under Federal Rule ("Rule") of Evidence 502(b). *Id.* at *2-4.

WHEREAS, the Order also found that other similar factors that courts balance when evaluating an inadvertent disclosure -- (1) the reasonableness of the precautions taken by the producing party; (2) the volume of discovery versus the extent of the specific disclosure; (3) the length of time taken by the producing party to rectify the disclosure and (4) overarching fairness concerns -- weighed in favor of waiver. *Id.* (applying the factors set out in *Lois Sportswear, U.S.A., Inc. v. Levi Strauss & Co.*, 104 F.R.D. 103, 105 (S.D.N.Y. 1985)).

WHEREAS, under Rule 502(b) and considering the totality of the *Lois Sportswear* factors, the Order concluded that Artisan's review process was "completely reckless" and showed

"no regard for preserving the confidentiality of the privileged documents." *Id.* at *4. As a result, the Order deemed Artisan to have waived the attorney-client privilege and ordered Artisan to re-produce all inadvertently produced documents. *Id.*

WHEREAS, the ruling was based on pre-motion submissions and the statements of counsel at a conference, including those of Artisan's former counsel ("Former Counsel") regarding Artisan's privilege review process. *Id.* at *1.

WHEREAS, familiarity with the underlying facts and procedural history is assumed.

**Legal Standard**

WHEREAS, "the legal standards governing motions for reconsideration under Local Civil Rule 6.3 and motions under Rule 59(e) are the same." *Celli v. New York City*, No. 24 Civ. 9743, 2026 WL 2295864, at *1 (S.D.N.Y. Aug. 10, 2026); *see City of Hartford v. Chase*, 942 F.2d 130, 133 (2d Cir. 1991) ("Motions for reconsideration under [the local rule] . . . are as a practical matter the same thing as motions for amendment of judgment under Fed. R. Civ. P. 59(e) -- each seeks to reopen a district court's decision on the theory that the court made mistaken findings in the first instance.").[1]

WHEREAS, the decision on a motion for reconsideration rests within "the sound discretion of the district court." *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009); *Tribe of Two, LLC v. Tod's S.p.A.*, No. 23 Civ. 3255, 2026 WL 3407209, at *1 (S.D.N.Y. Nov. 10, 2026). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Commerzbank AG v. U.S. Bank, N.A.*, 100 F.4th 362, 377 (2d Cir. 2024). "[T]he standard for

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

granting a Rule 59 motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Schneiderman v. Am. Chem. Soc'y*, 172 F.4th 158, 190 (2d Cir. 2026). "Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012); *accord Teman v. Zeldes Needle Cooper, LLP*, No. 24 Civ. 9830, 2026 WL 3218181, at *1 (S.D.N.Y. Oct. 27, 2026).

WHEREAS, reconsideration is denied because rather than present new or overlooked evidence, the motion relitigates arguments and evidence the Order considered and rejected. The motion also claims manifest injustice based on an insufficient evidentiary record but identifies no new evidence that would warrant reconsideration. The motion identifies no clear error or manifest injustice meriting reconsideration.

**Reasonable Steps to Prevent Inadvertent Disclosure**

WHEREAS, Artisan challenges the conclusion that it failed to take reasonable steps to prevent inadvertent disclosure. Artisan's arguments are unavailing. First, Artisan contends that the Order overlooked that Former Counsel employed "highly-recommended" contract review attorneys who had experience screening for privileged documents (the "Review Team"), told the Review Team to look for privileged documents, provided subject-area instructions, engaged with the Review Team throughout the review process and quality controlled productions by randomly spot-checking documents for privilege. This argument fails to support reconsideration because the Order listed these facts and relied on them in concluding that Artisan failed to take reasonable steps to prevent inadvertent disclosure, such as providing a list of attorneys and law firms that had represented Artisan. *See Artisan Techs. LLC*, 2026 WL 2594169, at *1-3.

WHEREAS, second, Artisan contends that the Order erred in concluding that the review procedures were deficient because Former Counsel did not provide the Review Team with a list of attorneys and law firms. Artisan argues that this deficiency was mitigated because Former Counsel provided the Review Team with the subject areas for privilege review. This argument is not a basis for reconsideration because it seeks to relitigate the assessment of the review process. The Order found the failure to provide a list of relevant attorneys and law firms a significant misstep because such a list would have assisted the Review Team. *Id.* at *2. Because the privilege protects confidential communications between an attorney and client, it was critical for the Review Team to know who the attorneys were. The Order considered and rejected Artisan's contention that Former Counsel's guidance on the subject matter of privileged material was sufficient to make the review procedures reasonable. *See id.* The Order observed that those generic instructions were evidently insufficient because the Review Team failed to identify a single privileged document. *See id.*

WHEREAS, third, Artisan contends that it was error to find deficiency in Former Counsel's decision to forgo a "page-by-page" review prior to the release of productions. Artisan argues that other courts have approved processes involving contract attorneys with sampling review by an overseeing attorney on the back end. This argument lacks merit. Artisan misconstrues the Order as finding that a page-by-page review was required; rather, the Order determined that "spot-checking" as a means of quality control was deficient in this case, particularly in light of the Review Team's failure to identify and withhold a single document on privilege grounds. *See id.* at *3. The Order then found that Artisan did not take any further quality control measures, and as an example, explained that Artisan could have run "search terms that were likely to appear in privileged documents and segregat[ed] such documents for re-

review." *Id.* Artisan relies on cases in which the court approved sampling procedures that the Order suggested were lacking. *See Jermyn v. Best Buy Stores, L.P.*, No. 08 Civ. 214, 2010 WL 11591503, at *1 (S.D.N.Y. Dec. 15, 2010) (describing "multilayered" review process and use of electronic searches to address inconsistent privilege tagging in second-level review).

**Prompt Steps to Rectify Errors**

WHEREAS, the motion next challenges the determination that Artisan did not promptly take reasonable steps to rectify the inadvertent production. Specifically, Artisan contends that the Order incorrectly based its determination on the length of time taken by Artisan to claw back documents, and instead should have focused on Artisan's immediate response to eko's initial notification of an inadvertent production. Artisan further argues that the Order relied on an insufficient record regarding eko's initial notification and Artisan's response. These arguments do not identify any error that warrants reconsideration. The Order noted that on April 10, 2024, eko notified Former Counsel of at least one inadvertently produced document. *See Artisan Techs. LLC*, 2026 WL 2594169, at *1. The Order found that the record was unclear whether Artisan's response was an immediate invocation of its claw-back rights. *Id.* at *3. Regardless of that record uncertainty, the Order concluded that Artisan continued clawing back documents for over three months after eko initially raised the privilege issue -- an inordinate delay far exceeding what other courts have deemed sufficiently prompt. *Id.* Instead of identifying any error in that conclusion, Artisan incorrectly contends that the Order should have focused on Artisan's initial response and not the time taken to claw back documents. The cases cited by Artisan do not stand for that proposition. *See Kaneka Corp. v. Cocrystal Tech. (Jiaxing) Co.*, 801 F. Supp. 3d 164, 174-75 (E.D.N.Y. 2025) (noting "valid" concerns with forty-five-day claw-back delay but finding non-producing party's "passive approach to providing requisite notice" weighed against waiver),

*objections overruled*, No. 23 Civ. 7483, 2025 WL 5331783 (E.D.N.Y. Nov. 21, 2025); *Quinby v. WestLB AG*, No. 04 Civ. 7406, 2007 WL 2068349, at *2 (S.D.N.Y. July 18, 2007) (taking into account producing party's re-review of 650,000-page production and compilation of claw-back list within thirty days of notice); *PRescient Partners, L.P. v. Fieldcrest Cannon, Inc.*, No. 96 Civ. 7590, 1997 WL 736726, at *6 (S.D.N.Y. Nov. 26, 1997) (taking into account both the time taken to invoke claw-back rights and the eighteen days needed to deliver claw-back list). Artisan identifies no error in the Order's finding that Artisan failed to act promptly to rectify its inadvertent disclosure.

**Fairness**

WHEREAS, Artisan next contends that the Order erred in multiple respects in concluding that fairness considerations were neutral. Artisan's arguments are unavailing and do not support reconsideration. First, Artisan mistakenly contends that it was error to find that eko was prejudiced by expending attorney-hours reviewing documents that Artisan later clawed back as privileged. The Order concluded that in addition to lost attorney-review-hours, eko was prejudiced because Artisan clawed back documents at depositions after witnesses had answered questions about the documents. *See Artisan Techs. LLC*, 2026 WL 2594169, at *3. Artisan contends that eko suffered no prejudice because it was able to use the documents to elicit deposition testimony. But Artisan fails to explain how eko's prejudice is remedied when Artisan seeks to claw back the same deposition testimony on privilege grounds. In light of the significant delays and inconsistencies associated with Artisan's claw back of documents, as described above and in the Order, Artisan's contention that it was "inequitabl[e]" for eko to rely on documents subject to clawback lacks merit. *See id.* at *2 (detailing that Artisan re-produced over a hundred previously clawed-back documents).

WHEREAS, second, Artisan renews its argument that the Order erred by relying on an insufficient record. Artisan contends that the record disclosed only one category of privileged documents but omitted another: documents concerning legal advice Artisan received about its claims in this litigation. This argument does not warrant reconsideration. The Order found that Artisan would likely be prejudiced by a finding of waiver. *Id.* at *3. Even accepting that disclosure of Artisan's case-strategy documents causes more prejudice than the Order contemplated, that does not change the balance when Artisan's conduct was completely reckless and showed no regard for preserving privilege. *See id.* at *4. Artisan's reliance on *PRescient Partners*, *supra*, is misplaced. The court there declined to find waiver because all four *Lois Sportswear* factors weighed against waiver, not because the sensitivity of inadvertently produced case-strategy documents was, on its own, enough to preclude waiver. *See PRescient Partners*, 1997 WL 736726, at *5-7.

WHEREAS, third, Artisan argues that it has new evidence of unfairness in the form of eko's recent statement that it intends to use the waived documents in settlement negotiations. Artisan further claims that eko intends to use the documents to "harass" Artisan. This evidence does not support reconsideration. Parties regularly use favorable documents produced in discovery as part of their settlement strategy. Artisan fails to explain why that uniquely prejudices it here. Artisan's unexplained assertion that eko intends to use the documents for harassment does not alter the fairness assessment.

**Record Evidence**

WHEREAS, Artisan finally contends that reconsideration would prevent manifest injustice because the Order found a privilege waiver on an inadequate record and without providing Artisan an opportunity to make a full evidentiary submission. As explained above,

Artisan has not identified any additional evidence that would warrant modification of the Order. It is hereby

**ORDERED** that Artisan's motion for reconsideration is **DENIED**. It is further

**ORDERED** that, by **December 2, 2026**, Artisan shall re-produce all inadvertently produced documents. It is further

**ORDERED** that eko's application at Dkt. No. 116 to re-open fact discovery to re-depose one Artisan witness on the inadvertently produced documents is **GRANTED**. Eko may conduct a three-and-a-half-hour deposition of an Artisan representative regarding the documents. By **December 4, 2026**, the parties shall file a joint letter stating the name of the deponent and the date for the deposition. The Court will "So Order" the deposition such that the date can be modified only by a court order. It is further

**ORDERED** that, by **December 2, 2026**, the parties shall submit a status letter of no more than four pages proposing next steps, including whether an additional settlement conference with Judge Stein would be helpful at this time, and the parties' current positions on the pending pre-motion letters regarding summary judgment.

The Clerk of Court is respectfully directed to close Dkt. Nos. 119 and 120.

Dated: November 24, 2026
New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**